Monica H. Bullock (SBN 211314)
Monica.Bullock@jacksonlewis.com
Joseph A. Lara (SBN 303802)
Joseph.Lara@jacksonlewis.com
Leticia Chavez (SBN 333792)
Leticia.Chavez@jacksonlewis.com
JACKSON LEWIS P.C.
3390 University Avenue, Suite 110
Riverside, CA 92501
Telephone:   (951) 848-7940
Facsimile:   (951) 848-0009

Attorneys for Defendant
AMERICOLD LOGISTICS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSAURA RODRIGUEZ,<br><br>                      Plaintiff,<br><br>      vs.<br><br>AMERICOLD LOGISTICS, LLC; and<br>DOES 1 through 20, inclusive,<br><br>                      Defendants. | CASE NO.: 2:25-cv-4627<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331 and 1441(c)**<br><br>State Court Complaint Filed:    May 24, 2024 |

**TO THE HONORABLE COURT, PLAINTIFF ROSAURA RODRIGUEZ, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant AMERICOLD LOGISTICS, LLC ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C.

/ / /

/ / /

/ / /

/ / /

§§ 1332 and 1441 to remove this action from the Superior Court of California for the County of San Bernardino. In support thereof, Defendant asserts the following:

## I.    STATEMENT OF JURISDICTION

1.    The District Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. § 1441 because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.    PLEADINGS AND PROCESS

3.    On May 24, 2024, Plaintiff Rosaura Rodriguez ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Bernardino, Case No. CIVSB2416757 (the "Complaint"). (Declaration of Joseph A. Lara ("Lara Decl.") ¶ 3). Plaintiff's Complaint alleges the following eight (8) causes of action: (1) discrimination in violation of FEHA; (2) failure to prevent discrimination (FEHA); (3) retaliation in violation of FEHA; (4) Labor Code s. 98.6; (5) California Family Rights Act; (6) failure to engage in a timely good faith interactive process (FEHA); (7) failure to provide reasonable accommodation; and (8) failure to pay all compensation owed. (**Exhibit A** to Lara Decl. ¶ 3).

4.    On May 29, 2024, Plaintiff improperly served the Complaint and Summons on Americold Logisitcs, LLC, rather than on Americold Logistics, LLC, via Defendant's registered agent, CT Corporation System. (Declaration of Donna L. Keeton ("Keeton Decl.") ¶ 4). On March 25, 2025, Plaintiff filed a Request for Entry of Default. (**Exhibit B** to Lara Decl. ¶ 4). Defendant did not become aware of the Complaint until it was served with a Request for Entry of Default on or around April 21, 2025. (Keeton Decl. ¶ 3). Plaintiff and Defendant executed a Stipulation to Set Aside Default on May 5, 2025. (**Exhibit C** to Lara Decl. ¶ 5). Following a Status Conference, a Minute Order was

entered on May 14, 2025, regarding setting aside the default. (**Exhibit D** to Lara Decl. ¶ 6). As of the date of this Notice of Removal, Defendant has not been served with the Complaint and Summons. (Keeton Decl. ¶ 5). Defendant filed an Answer to Plaintiff's Complaint on May 20, 2025. (**Exhibit E** to Lara Decl. ¶ 7).

## III.    TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that Defendant has yet to be served with the Summons and Complaint, and in any event, it filed it within 30 days after April 21, 2025, which is the date that Defendant first became aware of the Summons and Complaint.

## IV.    VENUE

6.      This action was initially filed in the Superior Court for the County of San Bernardino, which sits in the Central District of California. *See* 28 U.S.C. 84(b). Thus, for purposes of removal, venue properly lies in this District Court. *See* 28 U.S.C. 1446(a).

## V.    THIS COURT MAY EXERCISE DIVERSITY JURISDICTION

7.      This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A.    There is complete diversity between Plaintiff and Defendant.

8.      For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Grossman v. FCA US LLC*, No. CV 17-2048 DMG (JPRx), 2017 U.S. Dist. LEXIS 223486, *6 (C.D. Cal. May 25, 2017) (for removal purposes, alleging citizenship of plaintiff based on plaintiff's state of residence is sufficient); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)

(noting a party's residence is prima facie evidence of his domicile.)

9. Plaintiff resides in California. (Complaint, ¶ 1). Plaintiff's last known address is in Salinas, California. (Keeton Decl.¶ 12). Accordingly, based on information and belief, Plaintiff is a citizen of California.

10. Defendant is a limited liability company organized under the laws of Delaware with its principal place of business in Georgia. (Keeton Decl. ¶ 6). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The members of Defendant are set forth fully in Defendant's Corporate Disclosure Statement filed herewith. *See* also Keeton Decl. ¶¶ 6-11.

11. Based on the foregoing, this action is one between "citizens of different States" in accordance with § 1332(a). Plaintiff is a citizen of California, while neither Defendant nor any of Defendant's members is a California citizen.

**B.    Plaintiff's Complaint Places More than $75,000.00 in Controversy.**

12. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy...." 28 U.S.C. § 1446(c)(2).

13. Without conceding that Plaintiff is entitled to or can recover any damages whatsoever, the amount in controversy in this action easily exceeds $75,000. The Complaint seeks: general damages, special damages, penalties, punitive damages, compensatory damages, restitution, interest, costs of suit, attorneys' fees, and such other relief as the Court deems just and proper. (Complaint, Prayer for Relief.)

14. It is clear from the face of the Complaint that the $75,000 jurisdictional amount is in controversy. In cases where the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

15.    In determining whether a complaint meets the amount in controversy threshold for removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorneys' fees. *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be considered to establish jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met….").

16.    The Court must also presume that Plaintiff will prevail on all of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability"), citing *also Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated.")).

17.    The amount in controversy may include such attorneys' fees as are recoverable by statute. *See Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and may take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

18.    Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Martinez v. Kirk Xpedx*, 2003 US Dist. LEXIS 12657 at *3 (N.D. Cal. 2003) (determination of amount in controversy for complaint alleging FEHA violations could include punitive damages.)

19.    Plaintiff alleges that she incurred lost earnings. (Complaint, ¶¶ 18, 24, 29, 34, 39, 44, 49). The FEHA provides that successful plaintiffs receive back pay from the time of the unlawful adverse action until the date of judgment. *See Salas v. Sierra*

*Chemical Co.*, 59 Cal. 4th 407, 420 (2014). Moreover, economic damages may also include an award of lost future earnings. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recovery them."); *Wysinger v. Auto. Club of S. Cal.*, 157 Cal.App.4th 413, 427 (2007).

20.    Based on the Complaint and its prayer for relief, it is clear that Plaintiff seeks damages for lost wages in excess of the jurisdictional requirement of $75,000.00. Plaintiff was employed by Defendant from May 15, 2006, to February 20, 2023, at a rate of $23.15 per hour at the time of separation from employment. (Keeton Decl. ¶¶ 13-14). Plaintiff worked forty hours per week. (Keeton Decl. ¶ 15). Forty hours of work per week at $23.15 per hour equals an income of $926 per week. Based on this weekly salary, Plaintiff's alleged back pay for the 117 weeks between Plaintiff's February 20, 2023 employment separation and the date of this Notice of Removal is approximately $108,342. Assuming Plaintiff takes this matter to trial and trial is set for twelve months from the date of this Notice of Removal—an aggressive schedule given the backup in court proceedings—Plaintiff would accrue an additional year of back pay, which comes out to $48,152. At the time of trial, Plaintiff's total claim for back pay would be $156,494 ($108,342 + $48,152). Plaintiff's claimed damages for lost wages alone exceed the jurisdictional minimum of $75,000.

21.    If Plaintiff also recovers front pay for one year, she would be entitled to another $48,152. Plaintiff may also recover damages for lost benefits.

22.    Plaintiff is also seeking to recover compensatory damages for emotional distress. (Complaint, ¶¶ 19, 25, 30, 35, 40, 45, 50). Plaintiff's alleged claim for compensatory damages for emotional distress would further contribute to an amount in controversy in excess of the jurisdictional and may meet the threshold by itself. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (in denying remand, court concluded that "[t]he vagueness of plaintiffs' pleadings with regard to

///

emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.")

23. Accordingly, given the amounts of the potential damages at issue, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy.

## VI. <u>CONCLUSION</u>

24. For the above-stated reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court, pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

Dated:  May 21, 2025                    JACKSON LEWIS P.C.


By:*/s/ Joseph A. Lara*
Monica H. Bullock
Joseph A. Lara
Leticia Chavez

Attorneys for Defendant
AMERICOLD LOGISTICS, LLC